UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN MERSEREAU SEARLES | : | CIVIL ACTION NOS. |
| Plaintiff, | : | 2:90 CV 626 (PCD) |
| | : | 3:97CV 2601 (PCD) |
| | : | 3:00 CV 1115 (PCD) |
| | : | |
| V. | : | |
| | : | |
| WEST HARTFORD BOARD OF | : | |
| EDUCATION, PAUL BERKEL, | : | |
| NATALIE SCHULMAN, MATTHEW | : | |
| BORRELLI, PETER RELIC, LLOYD | : | |
| CALVERT, JAMES J. MOORE, | : | |
| EDWARD J. FREDERICKS, M.D., | : | |
| JAMES BLACK, M. PETER BLUM, | : | |
| NEIL MACY, AND WILLIAM DOLAN | : | |
| Defendants. | : | FEBRUARY 13, 2006 |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO REOPEN**

The Defendant, West Hartford Board of Education (the "Board"), hereby objects to the Plaintiff's Motion to Reopen and for Relief From Judgment filed January 23, 2006. The Plaintiff is a former school teacher with the Board, whose employment was terminated in July 1989. Since that time, she has pursued a ceaseless campaign of litigation against the Board, with each of her myriad lawsuits, complaints and motions being rejected by courts or administrative agencies, including this Court. The instant Motion should be denied because it is untimely, is barred by the doctrines of collateral estoppel and res judicata, wholly lacks merit, would be futile and unfair, and constitutes yet another example of the Plaintiff's pattern of frivolous litigation extending back sixteen (16) years.

I.   **Procedural History**

The plaintiff filed an action in this Court on July 23, 1990, alleging that the actions of the

JORDEN BURT LLP

Board and several of its administrators regarding their treatment of her while she was employed as a teacher and in terminating her contract of employment constituted illegal discrimination under the Rehabilitation Act, 29 U. S. C. §794, and the Age Discrimination in Employment Act (ADEA) 29 U. S. C. §621, et seq. (Searles v. Peter Relic, Constance Beaudry, Lloyd Calvert, Paul Berkel, Jean P. Martin, James J. Moore, John Falvey, Town of West Hartford and West Hartford Board of Education, Docket No. 2:90CV626(PCD)) (hereinafter "Searles I"). The Plaintiff later withdrew her age discrimination claims. On November 1, 1991, this Court dismissed all but one of the Plaintiff's claims under the Rehabilitation Act for failure to comply with the statute of limitations. On June 30, 1992, the Court granted defendant's Motion for Summary Judgment as to the Plaintiff's remaining claim regarding the allegedly discriminatory termination of her employment contract. Judgment was entered in favor of the defendants on August 5, 1992.

Thereafter, on August 5, 1992, the Plaintiff filed an appeal with the Second Circuit of the U. S. Court of Appeals. On June 3, 1994, the Second Circuit Court of Appeals affirmed the judgment of the Court. <u>Searles v. Relic</u>, 29 F. 3d 620 (2nd Cir. 1994) (unreported decision). On July 11, 1994, the Plaintiff's "Motion for Rehearing for Good Cause and Equitable Findings of Fact" dated June 15, 1994 was denied by the Second Circuit. Thereafter, the Plaintiff filed a petition for writ of certiorari with the U. S. Supreme Court, which was denied by the Court on January 23, 1995. <u>Searles v. Relic</u>, 5 13 U. S. 1128, 115 S.Ct. 939 (1995). On March 20, 1995, the U. S. Supreme Court denied the Plaintiff's petition for rehearing on the denial of the petition for writ of certiorari. <u>Searles v. Relic</u>, 514 U. S. 1033, 115 S.Ct. 1395 (1995).

The Plaintiff thereafter filed several motions attempting to vacate the Court's judgment. In particular, the Plaintiff filed a "Motion for Relief from Judgment or Order" dated October 10,

1995, which was denied by the Court. The Plaintiff subsequently filed an appeal of the Court's ruling on the Plaintiff's "Motion for Relief from Judgment or Order" with the Second Circuit. On May 10, 1996, the Second Circuit dismissed that appeal because it was determined to be "so indisputably lacking in merit as to be frivolous." Thereafter, the Plaintiff filed a "Motion for Independent Action for Fraud upon the Court" with the Court. On August 15, 1996, the Court denied this motion. After the Court denied the Plaintiff's motion to reconsider its denial of her "Motion for Independent Action for Fraud Upon the Court," the Plaintiff filed another appeal with the Second Circuit. The Court subsequently revoked the Plaintiff's in forma pauperis status because of the frivolous nature of her claims. On May 7, 1997, the Second Circuit also dismissed that appeal because it was determined to be so "indisputably lacking in merit as to be frivolous." The Second Circuit further warned the Plaintiff that "she may be subjected to monetary and other sanctions if she institutes any further court proceedings found to be frivolous which seek to relitigate any aspect of these already adjudicated matters." The Plaintiff's subsequent petition for rehearing was also denied by the Second Circuit.

The Plaintiff then filed a "new" action in this Court, again alleging an illegal termination of her employment in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act and the Rehabilitation Act. (Searles v. West Hartford Board of Education, Docket no. 3:97CV2601(PCD) (hereinafter "Searles II"). The Plaintiff had moved for leave to proceed in forma pauperis, but that petition was denied due to the utter lack of merit of the Plaintiff's new complaint. The Plaintiff's motion for appointment of counsel was denied by the Court. The Court ruled that the Plaintiff had failed to pass the "test of likely merit" necessary for appointment of counsel under 28 U. S. C. §1915(e), in light of the fact that, inter alia, her new complaint was repetitious of the Plaintiff's previous actions. Thereafter, on or about July 24,

1998, the Court granted the defendant's motion to dismiss the Plaintiff's "new" case, ruling that this case was barred by both the statutes of limitations and the applications of the doctrine of res judicata and collateral estoppel. The Plaintiff subsequently filed yet another appeal with the Second Circuit. On May 7, 1999, the Second Circuit also dismissed that appeal because it was again determined to be so "indisputably lacking in merit as to be frivolous." The Second Circuit further warned the Plaintiff that any future frivolous appeals could result in sanctions, including monetary sanctions or an order prohibiting her form filing further appeals. The Plaintiff's subsequent petition for rehearing was denied by the Second Circuit. The U. S. Supreme Court denied the Plaintiff's motion for extension of time to file a petition for writ of certiorari.

Despite the courts' previous and repeated rulings on these claims, the Plaintiff brought her third employment discrimination action in this Court in or about February 2000, again alleging violations of Title VII, the Rehabilitation Act, the ADA, and the ADEA against Defendants Paul Berkel, Peter Relic, Lloyd Calvert, James J. Moore, Natalie Schulman, William Dolan, Edward J. Fredericks, M.D., and James Black, M.D. (Docket no. 3:00-mc-00086-TPS, hereinafter "Searles III") There, the Plaintiff alleged that the defendants violated the afore-mentioned statutes in allegedly failing to promote her in 1987, terminating her employment in 1989, and allegedly failing to rehire her in June and August of 1999. Magistrate Judge Thomas Smith dismissed the case as the filing fee had not been paid by the Plaintiff.

On or about April 12, 2000, the Plaintiff filed a Charge of Discrimination with the Commission and the Equal Employment Opportunity Commission ("EEOC"), alleging wrongful termination in 1990 and failure to re-hire her in August and December 1999 and January 2000, in violation of Title VII, the ADEA, the ADA, and the Connecticut Fair Employment Practices Act ("CFEPA"). On June 6, 2000, the Respondent submitted a response to the Plaintiff's charge,

challenging the merits of her discrimination claims. On September 5, 2000, the CHRO dismissed the Plaintiff's complaint, finding that further investigation would not result in a reasonable cause finding that any discrimination occurred. (Dismissal Notice attached as Exhibit A.) The Plaintiff also filed a request for reconsideration, which was denied on September 10, 2001. (Reconsideration Denial, attached as Exhibit B.) A Request to Reopen this decision was filed by the Plaintiff some three (3) years later, on or about August 25, 2004. That request was denied by the CHRO on February 10, 2005. (Denial attached as Exhibit C)

On or about June 12, 2000, the Plaintiff filed yet another employment discrimination action, her fourth lawsuit over her termination, against the West Hartford Board of Education, Paul Berkel, Peter Relic, Lloyd Calvert, James J. Moore, Natalie Schulman, William Dolan, Edward J. Fredericks, M.D., James Black, M.D. and Matthew Borrelli. (Docket No. 3:00CV1115 (PCD), hereinafter "Searles IV") The Plaintiff, again, alleged violations of Title VII, the Rehabilitation Act, the ADA, and the ADEA. She claimed that the defendants violated the afore-mentioned statutes in allegedly failing to promote her in 1987, terminating her employment in 1989, allegedly failing to rehire her in June, August and December of 1999, and January and June of 2000. This case was dismissed by this Court on November 27, 2000. Searles v. West Hartford Board of Educ., et al, 2000 U.S. Dist. LEXIS 17731 (D.Conn. Nov. 27, 2000) (attached as Exhibit D). In its opinion, the Court stated "should plaintiff initiate litigation against any of these defendants again regarding the facts and circumstances of this case, without prior judicial authorization, sanctions may be imposed."

The Plaintiff then again appealed to the Second Circuit Court of Appeals, which dismissed the appeal. The Court also denied her petition to proceed in forma pauperis, to consolidate the appeal with previously decided appeals, and for assignment of counsel. The

Court issued a stern warning to the Plaintiff that she "is advised that any further frivolous filings in this court may result in the imposition of monetary sanctions and/or an order that she obtain court permission before filing any document." (Notice attached as Exhibit E.) The Second Circuit later denied the Plaintiff's petition for rehearing and petition for rehearing en banc. (Notice attached as Exhibit F.) Finally, the United States Supreme Court denied the Plaintiff's application for an extension of time within which to file her petition for writ of certiorari. Justice Ginsburg denied the application on December 10, 2001. (Notice attached as Exhibit G.)

In September, 2002, the Plaintiff moved to reopen Searles I, and this Court denied that motion the following month. On August 31, 2004, the Plaintiff moved to transfer to original venue and for relief from judgment in Searles I, II and IV. This Court denied these Motions by order dated September 16, 2004, Court holding that "there is no case pending" which to reopen, and that the motion to reopen was untimely, as "more than a year ha[d] passed since judgment entered in these cases." (Ruling attached as Exhibit H.) The Plaintiff appealed this decision on September 30, 2004. On August 10, 2005, the Second Circuit dismissed these appeals, issuing a Mandate stating the appeals "lack[ ] any arguable basis in fact or law." The Mandate also stated that "Appellant is reminded that, by order entered in *Searles v. Relic*, No. 04-0551, on April 7, 2005, Appellant is prohibited from filing any further motions, appeals, or other papers in this Court "with respect to the facts, claims, or issues underlying th[at] appeal or the prior appeals..." (Copies of Mandates attached as Exhibit I.) Thereafter, the Plaintiff petitioned the U.S. Supreme Court for Writ of Certiorari, which was denied on October 3, 2005. (Ruling attached as Exhibit J.) She then moved for a Rehearing on her Petition's denial, and that Motion was denied on November 28, 2005. (Ruling attached as Exhibit K.)

On January 23, 2006, the Plaintiff filed a Motion to Reopen and for Relief from

6

Judgment, as well as a Motion to Appoint Counsel and for Leave to Proceed In Forma Pauperis. These Motions should be denied as they are frivolous, have no basis in law or fact, are untimely, and are barred by the doctrines of res judicata and collateral estoppel.

## II. LEGAL STANDARD AND ARGUMENT

### A. Standard

Pursuant to Federal Rule of Civil Procedure 60(b) a party may move to reopen a prior proceeding on the equitable grounds of mistake, newly discovered evidence, fraud or any reason that would "justif[y] relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(1)-(3), (6). The motion must be made within a "reasonable time." Id. If made on the basis of mistake, newly discovered evidence or fraud, it must be made within one year after the judgment was ordered. Id. Relief from a judgment under Rule 60(b) "is properly granted only upon a showing of exceptional circumstances." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir.2001). A motion pursuant to Rule 60(b)(6)'s catch-all provision imposes a higher standard of extraordinary circumstances. See Ackermann v. United States, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950).

### B. The Plaintiff's Motion Is Untimely Under Rule 60(b).

Here, the Plaintiff seeks to reopen these cases as many as fourteen (14) years (Searles I) after they were closed by the Court and judgment entered in favor of the defendants. (See Searles I Docket Sheet, attached as Exhibit L.) In fact, the *shortest* amount of time that one of these cases has been closed is over five (5) years (Searles IV). (See Searles IV docket sheet attached hereto as Exhibit M.) This is clearly not a "reasonable time" after the closing of the cases. See, e.g., Truskoski v. ESPN, Inc., 60 F.3d 74, 76 (2d Cir.1995) (motion filed eighteen

7

months after grounds for motion became apparent was not filed within a "reasonable time" under Rule 60(b)(6)); Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) (motion under Rule 60(b)(6) denied because three and one-half years was not within a "reasonable time" and the moving party failed to show "extraordinary circumstances" to warrant relief). As such, the plaintiff's Motion to Reopen and for Relief From Judgment should be denied. Moreover, as argued below, the doctrines of res judicata and collateral estoppel compel denial of the Plaintiff's Motion.

### C.   No Extraordinary Circumstances Exist Allowing These Cases to be Reopened And The Court Has Denied This Same Motion In The Past.

The Plaintiff's ceaseless pattern of frivolous litigation against the Defendants is detailed above. The instant Motion to Reopen is simply another attempt to litigate ancient claims with no basis in the law. In fact, this Court has already addressed the issues raised by the Plaintiff's Motion and found them to be legally insufficient to reopen the case. For those same reasons, and for the additional reasons that the Motion is barred by the doctrines of res judicata and collateral estoppel, it should be denied.

On September 14, 2004, this Court denied a Rule 60(b) motion holding that there was no case pending which to reopen. The Court also denied the motion on timeliness grounds as "more than a year has passed since judgment was entered in these cases." Again, here, none of these cases are pending with the Court, and therefore cannot be reopened. Moreover, because the issues in the Motion to Reopen have been fully and fairly litigated, the Plaintiff is barred from re-litigation of all these issues pursuant to the doctrines of res judicata and collateral estoppel.

"Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of re-litigating an identical issue with the same party or his

privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, 99 S.Ct. 645 (1979) (footnote omitted.) To prove that a claim is precluded under the doctrine of res judicata, "a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284-85 (2d Cir.2000). Res judicata precludes litigation of all claims that could have been raised in the earlier proceeding, whether or not they were actually raised and litigated. See Greenberg v. Board of Governors of Federal Reserve Sys., 968 F.2d 164, 168 (2d Cir.1992); Harborside Refrigerated Services, Inc. v. Vogel, 959 F.2d 368, 372 (2d Cir.1992). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411 (1980) (citations omitted).

Here, in its September 16, 2004 order, the Court denied the Plaintiff's Motion to Reopen on the grounds that there was no case pending and that the Motion was untimely. Now, again, there is no case pending, and has been even longer since these cases were closed and judgment entered for the Defendants. The Plaintiff's August 31, 2004 Motion to Reopen involved exactly the same parties as the instant Motion to Reopen. There, the Court resolved the issues now raised by the instant Motion to Reopen. Accordingly, the Plaintiff's instant Motion to Reopen is barred by the doctrines of res judicata and collateral estoppel. Moreover, the grounds that the Court based its September 16, 2004 decision on apply with even greater force given the passage of time, and those same grounds should serve as grounds for denying the instant Motion to Reopen.

JORDEN BURT LLP

## III. CONCLUSION

For the foregoing reasons, the Court should deny the plaintiff's Motion to Reopen and for Relief from Judgment.

THE DEFENDANT:
WEST HARTFORD BOARD OF EDUCATION

By _____
James M. Sconzo
Federal Bar #ct04571 and
Jonathan C. Sterling
Federal Bar #ct24576
JORDEN BURT, LLP
175 Powder Forest Drive
Suite 201
Simsbury, CT  06089-9658
(860) 392-5042

## CERTIFICATION

     This is to certify that on this 13th day of February, 2006, I hereby mailed a copy of the foregoing to:

Suzanne M. Searles

45 Whispering Pines
Avon, CT 06001
PRO SE

Garie J. Mulcahey
Bai, Pollock, Blueweiss & Mulcahey
One Corporate Dr.
Shelton, CT 06484

Mark J. Sommaruga
Michael Peter McKeon
Thomas N. Sullivan
Sullivan, Schoen, Campane & Connon
646 Prospect Ave.
Hartford, CT 06105

James M. Tanski
O'Brien, Tanski, Tanzer & Young
Cityplace II
Hartford, CT 06103-3402

Robert E. Young

Noble, Spector, Young & O'Connor
1 Congress St.
Hartford, CT 06114-1067

Nicole D. Dorman
Karsten & Dorman, LLC
29 So. Main St.
West Hartford, CT 06107

F. Timothy McNamara
102 Oak St.
Hartford, CT 06106

M. Peter Blum
1 Linden Place
Apt #307
Hartford, CT 06106
PRO SE

Martin A. Gould
Mark W. Baronas
Gould, Killian & Wynne
280 Trumbull St., 25th Fl.
Hartford, CT 06103

_____
Jonathan C. Sterling