# EXHIBIT A



# STATE OF CONNECTICUT
*COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES*
CAPITOL REGION OFFICE
1229 ALBANY AVENUE   HARTFORD, CT 06112
TEL. (860) 566-7710   FAX (860) 566-1997



Certified No. Z 158 650 594

September 5, 2000

Suzanne M. Searles
39 Old Farms Crossing
Avon, CT 06061

RE: NOTICE OF FINAL AGENCY ACTION
   Case Name: <u>Suzanne M. Searles v. West Hartford Board of Education</u>
   CHRO No.: 0010385
   EEOC No.: 16aa01208

Dear Ms. Searles:

Notice is hereby given that pursuant to Section 46a-83(b) of C.G.S, the Commission has processed your complaint through its Merit Assessment processes.

Further, you are hereby notified that as a result of these activities, your complaint has been dismissed for the reason that there is no reasonable possibility that further investigation will result in a finding of reasonable cause.

That is, a review of the case file is not likely to reveal that you were retaliated against by the respondent in the form of failure to rehire on the basis of your previous opposition of respondent's alleged discriminatory practice(s) in violation of Connecticut General Statute §46a-60(a)(4). Rather, the facts are more likely to show that respondent did not subject you to any form of adverse treatment on the basis of your membership in a protected class, such based upon the supporting documentation submitted by the respondent, the remoteness in time between the alleged adverse action and your participation in a civil rights proceeding, and finally, by the lack of information in the case file which would serve to establish a nexus between the two incidents (i.e. the failure to hire and your filing of previous discrimination complaint(s)).

While a review of your complaint affidavit reveals that you have alleged a series of other discriminatory acts allegedly engaged in by the respondent (e.g. termination, demotion, and suspension), these incidents are not timely pursuant to <u>Conn. Gen. Stat.</u> §46a-82(e) in that they were not filed within 180 days of their respective occurrences as mandated by the aforementioned statute.

As such, a final review of the case file is not likely to show that respondent subjected you to any adverse treatment on the basis of your membership in a protected class. Therefore, there exists no reasonable possibility that further investigation of your complaint will result in a finding of reasonable cause. Finally, because you did not provide additional information likely to show that respondent's reason is false or pretextual, there are insufficient grounds upon which to base a conclusion that this complaint should be retained for further processing.

The complainant may apply for reconsideration, requesting that the Commission reconsider its decision dismissing the complaint, as provided in subsection (b) of Section 46a-83 of the C.G.S. (formerly Public Act 94-238). The reconsideration request must be in writing and **filed** at the Commission's administrative office stated on the letterhead **within fifteen (15) calendar days from the date of this letter**. It is the complainant's responsibility to file a timely request. No additional information after this fifteen (15) day period will be considered. **Untimely requests will not be considered.** The request should state specifically the grounds upon which the application is based. Generally, no new documentation or evidence can be considered as only documentation in the case file at the time of dismissal will be reviewed. Any request for reconsideration must be submitted to the regional office listed on the letterhead.

A copy of your request for reconsideration must be mailed to the respondent and respondent's attorney, if any, at the address listed at the bottom of this letter. You should certify that you have done so in your request for reconsideration filed with the Commission. **If you do not request reconsideration of the dismissal of your complaint, you will be issued a release of jurisdiction which grants you the right to file a civil action in Superior Court.**

The complainant may appeal this disposition to the Superior Court of the State of Connecticut if reconsideration of the dismissal is requested and denied. Any appeal must strictly comply with all of the applicable statutory procedures, requirements, and time frames. You may wish to consult an attorney regarding the proper filing of an administrative appeal.

Sincerely,

Epifanio Carrasquillo
Regional Manager

cc: Elizabeth Dee Bailey, Assistant Corporation Counsel
    Town of West Hartford
    50 South Main Street
    West Hartford, CT 06107-2431
    Certified No. Z 158 599

Attorney James M. Sconzo
Halloran & Sage, LLP
One Goodwin Square
Hartford, CT 06103-4303