**EXHIBIT B**

Case 3:00-cv-01115-PCD    Document 86-3    Filed 02/14/2006    Page 1 of 6



State of Connecticut
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
21 Grand Street, Hartford, CT 06106  (860) 541-3400  FAX (860) 246-5419
Toll Free in Connecticut 1-800-477-5737  www.state.ct.us/chro
TDD (860) 541-3459

September 10, 2001

Certified Mail No. 7099 3400 0009 4786 0194

Suzanne Mersereau Searles
39 Old Farms Crossing
Avon, CT 06061

Subject: Reconsideration Request - REJECTED

Re: <u>Suzanne Mersereau Searles v. West Hartford Board of Education Store, Inc.,</u>
<u>CHRO Case No. 0010358</u>

Dear Ms. Searles:

Your complaint, which is noted above, was dismissed by this agency. You filed a timely request for reconsideration. Your request for reconsideration has been carefully reviewed by staff, who have recommended it to be rejected. A copy of the review is enclosed for your information and review. I have accepted the recommendation and denied your request. This denial of reconsideration is the Commission's final decision on your complaint.

Denial may be appealed by filing a petition in the Connecticut Superior Court for the judicial district where the discriminatory practice is alleged to have occurred or in the judicial district where you reside or transact business. Such appeal must be made in accordance with the provisions of relevant Connecticut General Statutes including Section 4-183 as it reads after July 1, 1989. Copies of the petition must be served upon this agency at its principal office or the Office of the Attorney General and on all parties listed in the decision.

Under Public Act 01-95, effective July 1, 2001:

> (b) The executive director of the commission may, upon the complainant's request, issue a release from the commission if (1) a complaint is dismissed pursuant to subsection (b) of section 46a-83, and (2) the complainant requests reconsideration of the dismissal and the reconsideration request has been granted or denied, or the reconsideration request has not yet been acted upon in accordance with subsection (e) of section 46a-83.

> Whenever a reconsideration request has been granted or denied, a request for a release from the commission shall be made within fifteen days of receipt of the notice granting or denying such reconsideration request. The complainant may, within ninety days of receipt of the release from the commission, bring an action in accordance with section 46a-100 and sections 46a-102 to 46a-104, inclusive.



**CHRO**    *Safeguarding Civil Rights in Connecticut*



Very truly yours,

*[signature]*

Cynthia Watts Elder
Executive Director

ejb
Enclosure
c: Elizabeth Dee Bailey, Assistant Corporate Counsel
   James M. Sconzo, Halloran & Sage, LLP

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

| | |
|---|---|
| SUZANNE M. SEARLES, *Complainant* | CHRO NO. 0010358 |
| v. | Decision on Reconsideration Request |
| WEST HARTFORD BOARD OF EDUCATION STORE, INC. *Respondent* | Request Rejected |

## SECTION I - SUMMARY OF COMPLAINT AND ORIGINAL INVESTIGATION

The complaint was filed on April 12, 2000, and the Complainant alleged that the Respondent discriminated against her on the basis of her age, sex (female), marital status (divorced), physical disability and having previously opposed discriminatory conduct. The Complainant alleges she was discriminated against in the following ways on the outlined dates: Denied reasonable accommodation on the basis of a disability on or about July 1986, terminated on July 30, 1990, suspended on March 6, 1987, laid off on March 6, 1987, not recalled on September 1, 1987, demoted on September 1, 1985, harassed from 1985-1987, January 1991 and December 1994, transferred on September 1, 1985, retaliated against on the basis of participation in a Civil Rights issue from November 19, 1986 to the present, delegated unequal duties on September 1, 1985, not hired on August 8, 1999, December 19, 1999 and January 23, 2000 and denied equal services on July 30, 1990. The Complainant claims that by engaging in this alleged discriminatory conduct, the Respondent has violated the following laws: Connecticut General Statutes 46a-58(a), 46a-60(a)(1), 46a-60(a)(7), 46a-75, Title VII of the Civil Rights act of 1964, as amended, 42 U.S.C. 20003 and the Civil Rights Act of 1991, the Age Discrimination in

Employment Act of 1967, 29 U.S.C. 621-634 and the Americans With Disabilities Act, 42 U.S.C. 12101 et seq. The Complainant specifically alleges that she underwent daily harassment from the Respondent after having corrective brain surgery procedures, and was eventually terminated on July 30, 1990 for filing a CHRO - EEOC complaint. The Complaint further alleges that she has been unable to find a job teaching as a result of the Respondent's negative recommendations to prospective employers. The Complainant adds that the Respondent also denied her employment in three instances; August 8, 1999, December 19, 1999 and January 23, 2000.

The Respondent answered said complaint and denied violating said laws. The Respondent admits employing the Complainant and terminating her in 1990, but denies that she was terminated for filing a CHRO - EEOC complaint. The Respondent asserts that the Complainant was terminated by an independent panel upon reviewing reliable medical evidence that she is disabled and unable to teach; and denies that any decision as to the Complainant's employment with the Respondent has ever had any discriminatory basis.

The MAR process determined that there was no reasonable possibility that any further investigation would result in a finding of Reasonable Cause, and the case was dismissed on September 5, 2000.

## SECTION II - SUMMARY OF RECONSIDERATION REQUEST

The Complainant's Request for Reconsideration was filed within the fifteen (15) day statutory deadline on September 8, 2000. The Complainant requests reconsideration but provides no reasoning to support her request other than her asserted belief that the time for justice within the Commission is long overdue.

2

## SECTION III - ANALYSIS

Section 46a-54-79(d) of the Regulations of the CHRO provides that a request for reconsideration may be granted if:

(1) an error of fact or law should be corrected;

(2) new evidence has been discovered; or

(3) other good cause for reconsideration has been shown.

The Complainant fails to provide any other grounds than the fact that she disagrees with the MAR decision. This is simply an inadequate basis upon which to justify reconsideration according to the above regulation. A complete review of this file does not reveal any other grounds upon which reconsideration could be justified.

## SECTION IV - RECOMMENDATION

For the reasons set forth herein, it is hereby recommended that this request for reconsideration be rejected.

8/27/01
Date

David M. Teed
Assistant Attorney General

## SECTION V - DECISION

RECOMMENDATION
APPROVED / DISAPPROVED

9/4/01
Date

Cynthia Watts Elder
Executive Director
Commission on Human Rights
and Opportunities