**EXHIBIT D**

Case 3:00-cv-01115-PCD Document 86-5 Filed 02/14/2006 Page 2 of 8

Get a Document - by Citation - 2000 U.S. Dist. LEXIS 17731 Page 1 of 5

Service: LEXSEE®
Citation: 2000 us dist lexis 17731

*2000 U.S. Dist. LEXIS 17731, \**

SUZANNE MERSEREAU SEARLES, Plaintiff, -vs- WEST HARTFORD BOARD OF EDUCATION, ET AL., Defendants.

Civ. No. 3:00cv1115 (PCD)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2000 U.S. Dist. LEXIS 17731

November 27, 2000, Decided

**DISPOSITION:** [*1] Motions to dismiss (docs. 10, 21, 23, 46, 48-1, 54) granted. Plaintiff's motions to append (doc. 7), to join party (doc. 27), for reconsideration (doc. 31), and for appointment of counsel (doc. 56) denied. Defendants' motion for summary judgment (doc. 48-2) denied. Defendant Schulman's motion for sanctions denied in part.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendants moved to dismiss, or, alternatively, for summary judgment, plaintiff's claims of employment discrimination under Title VII, 42 U.S.C.S. § 2000e et seq., Americans with Disabilities Act, 42 U.S.C.S. § 12101 et seq., Rehabilitation Act, 29 U.S.C.S. § 701 et seq., and Age Discrimination in Employment Act, 29 U.S.C.S. § 621 et seq. Plaintiff sought to join another defendant, for appointment of counsel, and to append documents.

**OVERVIEW:** Plaintiff sued defendants, some for the fourth time, for employment discrimination for refusing to promote her, wrongfully terminating her, and refusing to rehire her in violation of Title VII, 42 U.S.C.S. § 2000e et seq., the Age Discrimination in Employment Act (ADEA), 29 U.S.C.S. § 621 et seq., the Rehabilitation Act, 29 U.S.C.S. § 701 et seq., and the Americans with Disabilities Act (ADA), 42 U.S.C.S. § 12101 et seq. Defendants moved to dismiss and for sanctions. Plaintiff did not submit a right-to-sue letter nor claim to have received one. On that basis alone her Title VII and ADA claims were dismissed, but in any event, her claims, including those under the ADEA and Rehabilitation Act, were clearly outside the limitations periods. Also, as plaintiff was attempting to relitigate her original discharge, and a refusal to reinstate could not be used to do so, that claim was untimely. Sanctions were not granted but would be if plaintiff filed suit again without court approval.

**OUTCOME:** Motions to dismiss granted for lack of right-to-sue letter, but claims were also clearly outside limitations periods, and as plaintiff was attempting to relitigate original discharge, refusal to reinstate could not be used to do so; sanctions were not granted but would be if plaintiff sued again without court approval.

**CORE TERMS:** Rehabilitation Act, et seq, statute of limitations, reinstate, untimely, discriminatory act, reinstatement, reinstated, failure to state a claim, appointment of counsel, teaching position, summary judgment, right-to-sue, tenured, lawsuit, append, brain, join

**CORE CONCEPTS** - ✦ Hide Concepts

Case 3:00-cv-01115-PCD    Document 86-5    Filed 02/14/2006    Page 3 of 6

Get a Document - by Citation - 2000 U.S. Dist. LEXIS 1773                     Page 2 of 5

📄 Constitutional Law : Civil Rights Enforcement : Civil Rights Act of 1964
✎ Title VII, 42 U.S.C.S. § 2000e et seq., requires filing a charge with the Equal Employment Opportunity Commission within 180 days of the alleged unlawful action, 300 days if the charge was first filed with the Connecticut Commission on Human Rights and Opportunities. 42 U.S.C.S. § 2000e-5(e)(1).

📄 Constitutional Law : Civil Rights Enforcement : Civil Rights Act of 1964
✎ The Equal Employment Opportunity Commission must notify plaintiff within 180 days if it or an authorized agent does not file a civil suit. 42 U.S.C.S. § 2000e-5(f)(1). Upon receipt of this "notice-of-right-to-sue" letter, plaintiff may bring an action against the employer. 42 U.S.C.S. § 2000e-5(f)(3). Failure to obtain this letter is not a jurisdictional bar, but only a precondition to bringing a Title VII, 42 U.S.C.S. § 2000e et seq., action that can be waived by the parties or the court.

📄 Constitutional Law : Civil Rights Enforcement : Americans With Disabilities Act
📄 Constitutional Law : Civil Rights Enforcement : Civil Rights Act of 1964
✎ The Americans with Disabilities Act, 42 U.S.C.S. § 12101 et seq., follows the same filing procedures as those under Title VII, 42 U.S.C.S. § 2000e et seq. 42 U.S.C.S. § 12117(a).

📄 Constitutional Law : Civil Rights Enforcement : Age Discrimination in Employment Act
✎ The Age Discrimination in Employment Act, 29 U.S.C.S. § 621 et seq., provides that an individual may not commence a civil action until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. 29 U.S.C.S. § 626(d). The charge must be filed within 180 days of the alleged unlawful practice, or within 300 days if said practice occurred in a state such as Connecticut with antidiscrimination laws and an agency to enforce them. 29 U.S.C.S. § 626(d).

📄 Labor & Employment Law : Employment Discrimination : Disability & Medical Condition Discrimination : State & Federal Statutes
✎ A claim under the Rehabilitation Act, 29 U.S.C.S. § 701 et seq., must be filed within three years of the alleged discriminatory act.

📄 Labor & Employment Law : Employment Discrimination : Actionable Discrimination
✎ A discharged employee who seeks to be reinstated is really litigating the unfairness of his original discharge because only if the original discharge was discriminatory is he entitled to be reinstated as if he had never ceased working for the employer. A denial of a request for reinstatement cannot be deemed a new and separate discriminatory act, nor can it render the initial violation a continuing one.

**COUNSEL:** For SUZANNE MERSEREAU SEARLES, plaintiff: Wendi L. Boyden, Halloran & Sage, Hartford, CT.

Suzanne Mersereau Searles, plaintiff, Pro se, Avon, CT.

For BOARD OF ED, PAUL BERKEL, MATTHEW BORRELLI, PETER RELIC, LLOYD CALVERT, NEIL MACY, defendants: James M. Sconzo, Wendi L. Boyden, Halloran & Sage, Hartford, CT.

For NATALIE SCHULMAN, defendant: Nicole D. Dorman, Sack, Spector & Barrett, West Hartford, CT.

For JAMES J. MOORE, defendant: James M. Sconzo, Halloran & Sage, Hartford, CT.

Case 3:00-cv-01115-PCD    Document 86-5    Filed 02/14/2006    Page 4 of 6

Get a Document - by Citation - 2000 U.S. Dist. LEXIS 17731                           Page 3 of 5

For JAMES BLACK, defendant: F. Timothy McNamara, Hartford, CT.

M. PETER BLUM, defendant, Pro se, Hartford, CT.

For WILLIAM DOLAN, defendant: Mark W. Baronas, Martin A. Gould, Gould, Killian & Wynne, Hartford, CT.

**JUDGES:** Peter C. Dorsey, Senior United States District Judge.

**OPINIONBY:** Peter C. Dorsey

**OPINION:** RULING ON PENDING MOTIONS

Defendant Black moves to dismiss [*2] for failure to state a cause of action. Defendant Dolan moves to dismiss for the same reason, in addition to the fact that there is a prior pending lawsuit in federal district court in Hartford, Connecticut. Defendant Blum moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Defendant Macy moves to dismiss for failure to state a claim. Defendants West Hartford Board of Education ("Board"), Berkel, Borrelli, Relic, Calvert, and Moore move to dismiss, or in the alternative, for summary judgment. Defendant Schulman moves to dismiss and for sanctions. Plaintiff seeks to join River Mead Condominium Association as a defendant. She also seeks appointment of counsel, a request previously denied by the Court, and to append social security documents.

I. BACKGROUND

Plaintiff sues for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA"), the Rehabiliation Act of 1973, as amended, 29 U.S.C. § 701 [*3] et seq. ("Rehabilitation Act"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"). She claims she was 1) refused a promotion on September 1, 1987, 2) wrongfully terminated on July 30, 1990, and 3) refused a job on June 22, 1999, August 8, 1999, December 19, 1999, January 23, 2000, and June 4, 2000.

Plaintiff asserts that, after returning to her tenured teaching position in September 1995 after recovering from two brain surgeries, she was given a teaching assignment "in blatant violation of the 'reasonable accommodation' proviso of the Rehabilitation Act." She claims that in November 1996, the then-Superintendent of Schools told her he was going to terminate her because she had filed complaints with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC"). Plaintiff claims that the Board informed her in February 1988 that it was considering terminating her due to her permanent physical disability. Sixteen arbitration hearings followed. Plaintiff also complains of verbal harassment and being fraudulently accused of causing a disturbance [*4] at a middle school in January 1991. She asserts that defendant Schulman physically battered her in December 1994 in a grocery store, which resulted in a new brain injury, breast injury, and ruptured diaphragm.

The instant case is the fourth lawsuit plaintiff has brought in federal court involving essentially the same set of facts. She first sued the Board and various members thereof in Searles v. Relic, 2:90cv626 (PCD) ("Searles I"), for discharging her in violation of the Rehabilitation Act. Summary judgment was granted in favor of defendants. She then sued the Board in Searles v. West Hartford Bd. of Ed., 3:97cv2601 (PCD) ("Searles II"), for violations of Title VII, the ADEA, and the Rehabilitation Act. This case was dismissed as res

Get a Document - by Citation - 2000 U.S. Dist. LEXIS 1773  Page 4 of 5

Case 3:00-cv-01115-PCD   Document 86-5   Filed 02/14/2006   Page 5 of 5

judicata and untimely. Next, Searles filed a complaint--virtually identical to the one in the instant case--with Magistrate Thomas P. Smith on February 24, 2000 ("Searles III"). As plaintiff to date has not paid the filing fee in Searles III, Magistrate Smith ruled that no case is currently pending before him.

## II. DISCUSSION

Title VII requires filing a charge with the EEOC within 180 days of the alleged unlawful action, [*5] 300 days if the charge was first filed with the CHRO. See 42 U.S.C. § 2000e-5(e)(1). The EEOC must notify plaintiff within 180 days if it or an authorized agent does not file a civil suit. See 42 U.S.C. § 2000e-5(f)(1). Upon receipt of this "notice-of-right-to-sue" letter, plaintiff may bring an action against the employer. See 42 U.S.C. § 2000e-5(f)(3). Failure to obtain this letter "is not a jurisdictional bar, but only a precondition to bringing a Title VII action that can be waived by the parties or the court." Pietras v. Board of Fire Comm'rs, 180 F.3d 468, 474 (2d Cir. 1999). See also Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 71 L. Ed. 2d 234, 102 S. Ct. 1127 (1982) ("Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). The ADA follows the same procedures. See 42 U.S.C. § 12117(a).

The ADEA provides that an individual may not commence [*6] a civil action "until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d). The charge must be filed within 180 days of the alleged unlawful practice, or within 300 days if said practice occurred in a state such as Connecticut with antidiscrimination laws and an agency to enforce them. See 29 U.S.C. § 626(d).

A claim under the Rehabilitation Act must be filed within three years of the alleged discriminatory act. See Harris v. City of New York, 186 F.3d 243, 247-48 (2d Cir. 1999) (Rehabilitation Act claims subject to same statute of limitations as Section 1983 claims); Lounsbury v. Jeffries, 25 F.3d 131 (2d. Cir. 1994) (three-year statute of limitations applies to Connecticut-based Section 1983 claims).

Plaintiff filed a charge with the CHRO and EEOC on April 12, 2000. She has not submitted a right-to-sue letter to the Court. Nor does she claim to have received one. On this basis alone, her Title VII and ADA claims must be dismissed. Even if she had received a right-to-sue letter, these claims, together with the [*7] her ADEA and Rehabilitation Act claims, are dismissed as untimely. Plaintiff claims that the alleged discrimination occurred on or about the following dates or time periods: September 1985 to July 30, 1990; January 17 and 23, 1991; December 14, 1994; and the "failure to reinstate plaintiff to her rightful tenured teaching position to the present day." The specific dates given are clearly outside all of the limitations periods.

As for the alleged failure to reinstate, "[a] discharged employee who seeks to be reinstated is really litigating the unfairness of his original discharge because only if the original discharge was discriminatory is he entitled to be reinstated as if he had never ceased working for the employer." NLRB v. Textile Machine Works, 214 F.2d 929, 932 (3d Cir. 1954). See also Johnson v. The New York Hospital, 1998 U.S. Dist. LEXIS 19099, No. 97 CIV. 7089 (LAP), 1998 WL 851609 (S.D.N.Y. Dec. 9, 1998). A denial of a request for reinstatement cannot be deemed a "new and separate discriminatory act," nor can it render the initial violation a continuing one. Collins v. United Air Lines, Inc., 514 F.2d 594, 596 (9th Cir. 1975) ("[A] request for [*8] reinstatement is wholly different from a new application for employment--it seeks to redress the original termination."). Accordingly, as plaintiff is attempting to relitigate her original discharge, and a refusal to reinstate cannot be used as a vehicle to do so, plaintiff's complaint is dismissed as untimely.

Get a Document - by Citation - 2000 U.S. Dist. LEXIS 17731

Case 3:00-cv-01115-PCD   Document 86   Filed 02/14/2006   Page 6 of 6

Page 5 of 5

No monetary sanctions will be awarded at this time. However, should plaintiff initiate litigation against any of these defendants again regarding the facts and circumstances of this case, without prior judicial authorization, sanctions may be imposed.

III. CONCLUSION

The motions to dismiss (docs. 10, 21, 23, 46, 48-1, 54) are hereby **granted**. Plaintiff's motions to append (doc. 7), to join party (doc. 27), for reconsideration (doc. 31), and for appointment of counsel (doc. 56) are hereby **denied**. Defendants' motion for summary judgment (doc. 48-2) is **denied**. Defendant Schulman's motion for sanctions is **denied in part**.

The clerk shall close the file.

SO ORDERED.

Dated at New Haven, Connecticut, November 27, 2000.

Peter C. Dorsey

Senior United States District Judge

Service: **LEXSEE®**
Citation: **2000 us dist lexis 17731**
View: Full
Date/Time: Tuesday, February 13, 2001 - 4:46 PM EST

About LEXIS-NEXIS | Terms and Conditions

Copyright © 2001 LEXIS-NEXIS Group. All rights reserved.