UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Suzanne SEARLES : | |
|     Plaintiff, : | |
| : | Case No. 2:90cv626 (PCD) |
| v. : | Case No. 3:97cv2601 (PCD) |
| : | Case No. 3:00cv1115 (PCD) |
| WEST HARTFORD : | |
| BOARD OF EDUCATION, et al. : | |
|     Defendants. : | |

### RULING ON PLAINTIFF'S MOTION TO REOPEN AND FOR RELIEF FROM JUDGMENT, MOTION TO APPOINT COUNSEL, AND MOTION TO PROCEED IN FORMA PAUPERIS.

Plaintiff moves pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to reopen her case and seeks relief from judgment. For the reasons stated herein, Plaintiff's motion is **denied**.

The facts underlying these cases date back to 1990 and have been fully litigated in this Court. In a ruling dated September 16, 1994, this Court denied Plaintiff's Motion to Transfer to Original Venue and For Relief From Judgment. In that ruling, this Court explained that all three cases had been closed. See Searles v. Board of Ed, et al, 3:00cv01115 PCD (Closed since May 2001 when the Second Circuit mandate issued dismissing Plaintiff's appeal - Doc. No. 73); Searles v. West Hartford Board, 3:97cv2601 PCD (Closed since May 1999 when Second Circuit mandate issued dismissing Plaintiff's appeal - Doc. No. 23); Searles v. Relic, et al, 2:90cv00626 PCD (Closed since May 1997 when the Second Circuit mandate issued dismissing Plaintiff's appeal - Doc. No. 164). The Court also noted that, in any event, more than one year had passed since judgment had entered in those cases, thereby exceeding the period permitted by Rule 60(b). Rule 60(b) provides that such motion "shall be made . . . not more than one year after the

judgment, order, or proceeding was entered or taken."   The United States Court of Appeals for the Second Circuit thereafter dismissed Plaintiff's appeal "because it lack[ed] an arguable basis in fact or law," and the United States Supreme Court denied Plaintiff's Petition for Certiorari.

Twenty months following its September 16, 2004 ruling, the rationale applying to the Court's ruling applies even more forcefully.  Although it is evident that Plaintiff is dissatisfied with the disposition of her case, it is likely that the losing party in every case is likewise unhappy with the resolution of their case.  If the Court were to reopen every case in which a party lost, however, a case would never ultimately be concluded.  See Cole v. GE, 2004 U.S. Dist. LEXIS 10701, at *3 (D. Conn. June 10, 2004) ("The judicial system would grind to a halt if every defeated litigant were entitled to relief from judgment solely because he is unhappy that his case was lost.").  Plaintiff's Motion to Reopen and For Relief From Judgment [Doc. No. 176 (2:90cv626); Doc. No. 34 (3:97cv2601); Doc. No. 82 (3:00cv1115)], Motion to Appoint Counsel [Doc. No. 177 (2:90cv626); Doc. No. 35 (3:97cv2601); Doc. No. 83 (3:00cv1115)], and Motion to Proceed In Forma Pauperis [Doc. No. 178 (2:90cv626); Doc. No. 36 (3:97cv2601); Doc. No. 84 (3:00cv1115)] are therefore denied.

Plaintiff is reminded of both this Court's and the Second Circuit's admonition regarding attempts to relitigate matters that have already been adjudicated and its warnings that future frivolous filings may result in monetary or other sanctions.  See Mandate, Doc. No. 81 (3:00cv1115) (explaining that Plaintiff "is prohibited from filing any further motions, appeals, or other papers in this Court with respect to the facts, claims, or issues underlying [these appeals] . . . without first obtaining leave of this Court"); Searles v. West Hartford Bd. Of Educ., 2000 U.S. Dist. Lexis 17731 (D. Conn. Nov. 27, 2000) ("should plaintiff initiate litigation against any of

these defendants again regarding the facts and circumstances of this case, without prior judicial authorization, sanctions may be imposed"). To avoid confusion, the present motion is an attempt to relitigate matters already adjudicated. Plaintiff is advised to consider this warning before filing any further documents in support of relitigating issues that have already been adjudicated.

    SO ORDERED.

    Dated at New Haven, Connecticut, May 1, 2006.

/s/_____
Peter C. Dorsey
United States District Judge