UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

<u>WRIT OF MANDAMUS</u>

<u>IN RE SUZANNE M. SEARLES</u>

| | |
|---|---|
| SUZANNE MERSEREAU SEARLES, Plaintiff/ Petitioner, Pro Se | CIVIL CASE NUMBERS: 2:90 CV 626 |
| v. | 3:97 CV 2601 |
| WEST HARTFORD BOARD OF EDUCATION, ET AL., Defendants/Respondents | 3:00 CV 1115 |
| | DECEMBER 22, 2006 |

Plaintiff/Petitioner files this Writ of Mandamus to United States District Court, New Haven, CT for failure to rule expeditiously and fairly relative to all issues in the enclosed seven documents:

| | DATE |
|---|---|
| Motion To Reopen and For Relief From Judgment | 1-19-06 |
| Motion For Leave To Proceed In Forma Pauperis | 1-18-06 |
| Motion For Appointment Of Counsel | 1-18-06 |
| Motion For Extension Of Time | 5-9-06 |
| Motion For Reconsideration/Motion For Independent Action Inclusive Of Nine Exhibits | 5-17-06 |
| Addendum To Motion For Reconsideration/Motion For Independent Action Inclusive Of Nine Exhibits | 6-26-06 |
| Further Addenda To Motion For Reconsideration/ Motion For Independent Action Inclusive Of Nine Exhibits | 7-5-06 |

Said Court's "Ruling On Plaintiff's Motion To Reopen And For Relief From Judgment" of 5-1-06 and "Order On Motions" of 5-12-06 as well as a newspaper summation dated 6-23-06 of a USSC ruling of 6-22-06 are likewise enclosed in chronological order.  Plaintiff personally drove to the New Haven District Court on May 22, 2006 to timely file her reply to the 5-12-06 "Order On Motions."  She has not received any correspondence from said Court for nearly seven months.  As all filings are probative, justice is long overdue.

-1-

As the enclosed papers document, the District Court has thrice ruled for appointment of counsel for plaintiff and has thrice permitted her to file _in forma pauperis_, once in each of the aforementioned cases. (Please see 1-18-06 Affidavit and District Court Order of 12-18-91 appended to 6-22-06 Motion). Plaintiff/Petitioner survives on SSI of $603.00/month and food stamps from CT Department of Social Services of $121.00/month.

Relative to F.R.A.P. 21(B) and (C) the enclosed filings document (i) the relief sought;(ii) the issues presented, and (iii) the facts necessary to understand the issue presented by the petition as well as (iv) the reasons why the writ should issue. (Rule 21., p. 527 of <u>2006 Revised Edition Federal Civil Judicial Procedure and Rules</u>) As listed <u>supra</u>, copies of both District Court rulings of 5-1-06 and 5-12-06 are enclosed. (Rule 21.(C)

The following citations relative to "Independent Actions in Equity" are taken from <u>Moore's Federal Practice, Third Edition 2006</u>, Sec. 60.81(1) "Fraud Is Most Common Ground of Independent Action" and (1)(b)(i) "Relief Is Always Possible for 'Extrinsic' Fraud" inclusive of "...<u>fraud that actually prevented an issue from being joined or a party from making a valid claim</u>...<u>An example of extrinsic fraud</u>, a fraud that does not involve the issues litigated or the evidence introduced at trial, <u>is when an attorney conspires with an opponent to the detriment of the client</u>. This <u>fraud</u>, although totally outside the issues and evidence litigated, <u>clearly prevents a party from fully and fairly presenting his or her case</u>..." (emphasis added) <u>Bizzell v. Hemingway</u>, 548 F.2d 505, 507 (4th Cir. 1977)
Sec. 60.81(2) "Duress Might Be Basis for Relief" includes the following:

> Duress might prevent a party from having a true adversary trial. At lease one circuit has suggested that a judgment procured by duress could be set aside in an independent action... See <u>Hadden v. Rumsey Products</u>, 196 F.2d 92, 96 (2d Cir. 1952)

Moore (<u>supra</u>) Sec. 60.82(4), "Equity Relieves Only Those Judgments That Are 'Manifestly Unconscionable'" perhaps best summarizes this Plaintiff/Petitioner's plight;

> To obtain relief in an independent action
> in equity, it may be necessary to show
> more than facts that would justify relief
> under Rule 60(b). Independent actions sur-
> viving the adoption of Rule 60(b) are based
> on 'those principles which have heretofore
> been applied' in equitable actions for re-
> lief from judgment. One of the traditional
> elements of or prerequisites to equitable
> relief from a judgment is a requirement
> that the party seeking relief show that the
> judgment is 'manifestly unconscionable.'
> Another way to express the 'manifest uncon-
> scionability' requirement is that relief
> from a judgment in an independent action
> in equity is available only in 'unusual
> and exceptional circumstances,' when the
> 'prior judgment ought not in equity and
> good conscience,...be enforced.'        Moore, p. 60-233

In the instant three cases only by moving for removal of all Plaintiff's exhibits prior to moving for summary judgment could Defendants convince the Court that Plaintiff was "permanently physically disabled" post first two and thence a third corrective brain surgery. See each of the seven pleadings/motions of earlier this year.

> Accordingly, the availability of Rule 60(b)
> independent actions is limited to cases of
> injustices that are sufficiently gross to
> demand departure from rigid adherence to
> the doctrine of res judicata...
>                                         Moore, pp. 60-233-4

Once again, each of the seven pleadings stands probative of Defendants' inhumane fraud, deception, and physical abuse of Plaintiff/Petitioner.

By way of conclusion to this Writ of Mandamus Petition, Petitioner cites one last tenet of Professor Moore, namely Sec. 60.82(5), "Leave of Appellate Court Is Not Required For Independent Action":

> Even if a judgment has been appealed, and
> even if the United States Supreme Court
> has denied certiorari, the judgment is not
> immune from an independent action in equity
> to set it aside. Gould v. Mutual Life Ins.
> Co. of New York, 790 F.2d 769, 773 (9th
> Cir. 1986) ("Gould need not have applied to
> this court or the Supreme Court for either
> a remand or a recall of mandate in order for
> the district court to have jurisdiction to
> consider the Rule 60(b) motion and the in-
> dependent action").

For all the foregoing prima facie legal and bona fide factual reasons of a truly exceptional nature pleaded herein and in the seven listed pleadings, Plaintiff/Petitioner's totality of meritorious claims of Defendants'/Respondents' fraudulent constructive discharge of the former's tenured-teaching contract inclusive of perjurious testimony, libelous pleadings, physical assault, and collusive foreclosure on her home truly merit long overdue issuance of this Writ of Mandamus for judicial relief.

Respectfully submitted,

*Suzanne M. Searles*

Suzanne M. Searles

## CERTIFICATION

Petitioner hereby certifies that a copy of this Writ of Mandamus was this day mailed prepaid to each of the following:

Jonathan C. Sterling, Esq.
Jorden Burt, LLP
175 Powder Forest Drive, Suite 201
Simsbury, CT  06089

Nicole Dorman, Esq.
Karsten and Dorman
29 South Main Street
West Hartford, CT  06107

Rosenberg and Rosenberg
920 Farmington Avenue
West Hartford, CT  06107

Peter R. Blum, Esq.
1 Linden Place, Apt. 307
Hartford, CT  06106

Martin A. Gould, Esq.
Gould, Killian, and Wynne
280 Trumbull Street
Hartford, CT  06103

Timothy McNamara, Esq.
102 Oak Street
Hartford, CT  06106

Edward J. Fredericks, M.D.
85 Seymour Street
Hartford, CT  06103

Igor I. Sikorsky, Esq.
121 Perry Street
Unionville, CT  06085

Hugh Barber, Esq.
Office of the Attorney General
55 Elm Street
Hartford, CT  06106

Hon. Gov. M. Jodi Rell
State Capitol Building,
 Executive Offices
210 Capitol Avenue
Hartford, CT  06106

Paul E. Mersereau, Esq.
Drew and Mersereau, LLC
47 West Main Street
Avon, CT  06001

*Suzanne M. Searles*

Suzanne Mersereau Searles

## CERTIFICATION

Appellant/Plaintiff hereby certifies that a copy of this Notice of Appeal was this day, 5 January 2007, mailed prepaid to each of the following:

Jonathan C. Sterling
Jorden Burt, LLP
175 Powder Forest Road, Suite 201
Simsbury, CT  06089

Igor I. Sikorsky
121 Perry St.
Unionville, CT  06085

Nicole Dorman
Karsten and Dorman
29 S. Main Street
West Hartford, CT  06107

Rosenberg and Rosenberg
920 Farmington Ave.
West Hartford, CT  06107

Peter Blum
1 Linden Place, Apt. 307
Hartford, CT  06106

Martin A. Gould
Gould, Killian, and Wynne
280 Trumbull Street
Hartford, CT  06103

Timothy McNamara
102 Oak Street
Hartford, CT  06106

Edward J. Fredericks, M.D.
85 Seymour St.
Hartford, CT  06103

_Suzanne Mersereau Searles_
Suzanne Mersereau Searles