OFFICE OF THE CLERK
SUPREME COURT OF THE UNITED STATES
WASHINGTON, D.C. 20543

SUZANNE MERSEREAU SEARLES, Plaintiff/  USCA 2 07-0150
  Appellant Pro Se IFP                   USCA 2 07-0151
  v.                                     USCA 2 07-0157
WEST HARTFORD BOARD OF EDUCATION, ET
  AL., Defendants/Appellees              May 31, 2007

MOTION FOR EXTENSION OF TIME

Plaintiff/Appellant pro se in forma pauperis files this Motion For Extension Of Time of sixty days pursuant to Rule 13, "Review on Certiorari: Time for Petitioning," for the following extraordinary conditions:

1. On June 22, 2006 this United States Supreme Court unanimously and definitively defined the type of employer retaliation prohibited by Title VII of the Civil Rights Act of 1964, as amended, in said Court's ruling for Defendant White in Burlington Northern and Santa Fe Railway Co. v. White, No. 05-259, which is an analogue of this would-be Petitioner's three USCA cases. Justice Breyer delivered said unanimous opinion of the Court as follows:

> Title VII of the Civil Rights Act of 1964 forbids employment discrimination against 'any individual' based on that individual's 'race, color, religion, sex, or national origin.' Pub. L. 88-352, Sec. 704 Stat. 257, as amended, 42 U.S.C. Sec. 2000e-2(a). A separate section of the Act-its anti-retaliation provision-forbids an employer from 'discriminating against' an employee or job applicant because that individual 'opposed any practice' made unlawful by Title VII or 'made a charge, testified, assisted, or participated in' a Title VII proceeding or investigation. Sec. 2000e-3(a)... We conclude that the anti-retaliation provision does not confine the actions and harms it forbids to those that are related to employment or occur in the workplace. We also conclude that the provision covers those (and only those) employer actions that would have been

-1-

      materially adverse to a reasonable
      employee or job applicant.  In the
      present context that means that the
      employer's actions must be harmful
      to the point that they could well
      dissuade a reasonable worker from
      making or supporting a charge of
      discrimination....

 2. On June 26, 2006, Plaintiff pro se ifp filed "Addendum To Motion For Reconsideration/Motion For Independent Action Inclusive of Nine Exhibits" in US District Court, New Haven, CT. Said Court's May 1, 2006, denial of Plaintiff's January 1, 2006, "Motion To Reopen And For Relief From Judgment" per copious, definitive argument of F.R.C.P. 60(b)(6) and court libelous statements regarding Plaintiff's receipt of two U.S. Department of Justice, Civil Rights Division, Employment Litigation Section right-to-sue letters dated October 20, 2000 and forwarded per certified mail to said Court Clerk with receipt on "October 25, 2000 stand unresolved by both US District Court and US Court of Appeals Second Circuit.

 3. Defendants' constructive discharge of Plaintiff/Appellant's nineteen year and six month tenured teaching contract fraudulently for alleged "permanent physical disability" inclusive of physical and verbal assault upon the wronged victim have cost the latter her pension, her home, and any income other than SSI of $623./month and welfare money of $53./month. Therefore, she does not have money to compose Petition For Writ Of Certiorari until receipt of June, July, and August SSI checks.

              Respectfully submitted,
              */s/ Suzanne Mersereau Searles*
              Suzanne Mersereau Searles

### CERTIFICATION

 Plaintiff/Appellant hereby certifies that a copy of this Motion For Extension Of Time was this day, 31 May 2007  mailed prepaid to the following:

  Office of Corporation Counsel
  50 South Main Street
  West Hartford, CT  06107

Karsten and Dorman
29 South Main Street
West Hartford, CT  06107

Rosenberg and Rosenberg
920 Farmington Avenue
West Hartford, CT  06107

Peter R. Blum, Esq.
1 Linden Place - Apt. 307
Hartford, CT  06106

Martin A. Gould, Esq.
Gould, Killian, and Wynne
280 Trumbull Street
Hartford, CT  06103

Timothy McNamara, Esq.
102 Oak Street
Hartford, CT  06106

Edward J. Fredericks, M.D.
85 Seymour Street
Hartford, CT  06103

Igor I. Sikorsky, Jr., Esq.
121 Perry Street
Unionville, CT  06085

Garie J. Mulcahey, Esq.
Bai, Pollack, Blueweiss, & Mulcahey
One Corporate Drive
Shelton, CT  06484

Mark J. Sommaruga, Esq.
Sullivan, Schoen, Campane, and Connon
646 Prospect Avenue
Hartford, CT  06105

James M. Tanski, Esq.
O'Brien, Tanski, Tanzer, and Young
Cityplace II
Hartford, CT  06103-3402

Hon. Judge Peter C. Dorsey
Unied States District Court
141 Church Street
New Haven, CT  06510

_____
Suzanne Mersereau Searles

N.B.

Please also consider the appended October 27, 2005 "Dismissal Of Writ Of Certiorari As Improvidently Granted" in Petitioner's USSC Case No. 05-5550.

-3-

D.Conn.
90-cv-626
97-cv-2601
00-cv-1115
Dorsey, J.



# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street in the City of New York, on the 4th day of April, two thousand seven.

Suzanne M. Searles,

        Plaintiff-Appellant,

v.                                                                                                      07-0151-mv

Peter Relic, et al.,

        Defendants-Appellees.

---

Suzanne M. Searles,

        Plaintiff-Appellant,

v.                                                                                                      07-0157-mv

West Hartford Board of Education,

        Defendant-Appellee.

---

Suzanne M. Searles,

        Plaintiff-Appellant,

v.                                                                                                      07-0150-mv

Board of Ed., et al.,

        Defendants-Appellees.

Appellant, pro se, moves for reconsideration of this Court's orders denying her applications for leave to appeal in 07-0151-mv, 07-0157-mv and 07-0150-mv. Upon due consideration, it is ORDERED that the motions for reconsideration are DENIED. See Mancuso v. Herbert, 166 F.3d 97, 99 (2d Cir. 1999) (motion for reconsideration of prior mandate, construed as petition for rehearing, appropriate where petitioner shows that the Court "overlooked or misapprehended significant facts or legal arguments."); see also In re Martin-Trigona, 737 F.2d 1254, 1261-62 (2d Cir. 1984) (applications for leave to appeal may be denied where sanctioned litigant's submissions do not show a departure from history of vexatious litigation).

FOR THE COURT:
Thomas Asreen, Acting Clerk

By: *Lucille Carr* (signature)

## DISMISSAL OF WRIT OF CERTIORARI AS IMPROVIDENTLY GRANTED

As stated on pages 258-262 of <u>Supreme Court Practice</u>, Seventh Edition, and on page 384 of same, petitioner herein reminds the Court that in a Petition For Rehearing dated October 25, 2005 and delivered to the Court on October 26, 2005 she definitively requests that said Petition for Rehearing be honored by "This Supreme Court of the United States <u>En Banc</u>" (page four) and on page six "prays this <u>nine member Supreme Court of the United States</u> to read, reflect, reverse, and remand ..." (emphasis added)

Not until receiving the October 3, 2005 notice of denial of her Petition For Writ of Certiorari on October 6, 2005, did she realize that on October 3, 2005 Chief Justice John Roberts did not participate in the decision because he was being sworn to Chief Justice that very day.

As of today, October 27, 2005, there is some question as to when Justice O'Connor's replacement will be confirmed. Therefore, petitioner <u>pro se</u> again reminds the Court of the importance of a decision on both petitions to be made by the nine-member Court <u>En Banc</u>.

Respectfully submitted,

*[signature]*

Suzanne M. Searles
Case No. 05-5550
10-27-05

<u>Nota Bene</u>: On page 6 of the Petition For Rehearing, petitioner makes reference to Rule 44. <u>caveats</u> of said petition's presentation in good faith and not for delay. She next states its grounds are "...limited to intervening circumstances of a substantial or controlling effect or to other substantial grounds not previously presented..."

Intervening circumstances comprise petitioner's being informed that only eight Justices read and ruled on her original Petition For Writ of Certiorari. Other substantial grounds not previously presented include loss of all food stamps from 10-1-04 through 10-31-05, <u>inter alia</u>. Petitioner Searles is appealing this fraudulent decision by CT Department

## CERTIFICATION

I, Suzanne Mersereau Searles, do swear that on this day, October 27, 2005, pursuant to Supreme Court Rules 29.3 and 29.4, I have served the aforementioned document on every party or party's counsel and on every other individual/body required to be served by depositing an envelope with first-class postage prepaid in the US mail:

Martin A. Gould
Gould, Killian, and Wynne
280 Trumbull Street
Hartford, CT  06103

Party name: William Dolan

Jerome V. Bolkcom
1025 Thomas Jefferson ST.,
N.W., Suite 400
Washington, DC  20002-5208

Party Name: West Hartford Board of Education, et al.

Peter R. Blum
1 Linden Place, Apt. 307
Hartford, CT  06106

Party name: Peter R. Blum

Nicole Dorman
29 South Main Street
West Hartford, CT  06107

Party name: Natalie Schulman

Howard and Alan Rosenberg
920 Farmington Avenue
West Hartford, CT  06107

Party name: River Mead Homeowners' Association

Edward J. Fredericks, MD
85 Seymour Street
Hartford, CT  06103

Party name: Edward J. Fredericks

United States Court of Appeals, Clerk's Office
US Courthouse - 40 Foley Square
New York, New York  10007

Hon. Judge Peter C. Dorsey
United States District Court
141 Church Street
New Haven, CT  06510

Hugh Barber, Esq.
Office of the Attorney General
55 Elm Street
Hartford, CT  06106

CT Appellate Court, Clerk C. Gworek
231 Capitol Avenue
Hartford, CT  06106

Party Name: CT Dept. of Social Services

Honorable Governor M. Jodi Rell
State Capitol Building
Capitol Avenue
Hartford, CT  06106

Judge Marshall K. Berger
Hartford Superior Court
95 Washington Street
Hartford, CT  06106

_____
Suzanne Mersereau Searles